**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **JERALD R. FOSTER (#601808)** | **DOCKET NO. 5:16-cv-815; SEC. P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se Petitioner Jerald R. Foster (Doc. #601808) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 8, 2016. (Doc. 1). Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

Petitioner alleges that, on August 23, 2011, a "fake Bill of Information" was returned against him charging him with molestation of a minor.  He pleaded not guilty. Petitioner claims that, on September 1, 2011, an amended "fake Bill of Information" charged him with aggravated incest. Petitioner entered another plea of not guilty. (Doc. 1, p. 4).

Petitioner alleges that, on July 18, 2012, he changed his plea from not guilty to guilty because Petitioner's court-appointed attorney refused to file a motion for a new attorney or recuse himself from the case. (Doc. 1, p. 4). Petitioner was sentenced to 15 years of imprisonment at hard labor. (Doc. 1, p. 4).

On August 17, 2012, Petitioner filed a motion to appoint new counsel (Doc. 1, p. 35), and

on August 29 or 30, 2012, Petitioner filed a motion to withdraw his guilty plea. (Doc. 1, p. 4, 35). Both motions were denied. (Doc. 1, p. 4, 35).

Plaintiff filed an application for post-conviction relief on July 1, 2014, alleging ineffective assistance of counsel. (Doc. 1, p. 24). The application was denied on September 9, 2014. (Doc. 1, p. 24).

On June 25, 2015, Petitioner filed a "Motion to Correct Illegal Sentence from an Unlawful Conviction or Application for Writ Habeas Corpus" in the First Judicial District Court. (Doc. 1, p. 35). The district court construed the motion as a motion to quash because Petitioner argued that he was charged and convicted with a false Bill of Information. (Doc. 1, p. 35). On August 27, 2015, the motion was denied as untimely and because the Bill of Information was valid. (Doc. 1, p. 35-36).

On October 23, 2015, Petitioner filed a writ application in the Second Circuit Court of Appeal, which was denied on December 1, 2015. (Doc. 1, p. 29).

Petitioner then filed a writ application in the Louisiana Supreme Court, which the court did not consider because it was untimely filed. (Doc. 1, p. 29).

## Law and Analysis

This Court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to Petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. See Mova v. Estelle, 696 F.2d 329, 323–33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d. 756, 761 (5th Cir. 1980),

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state

remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1); and, whether any of the claims raised are subject to the procedural default doctrine. Based on the petition and exhibits, it appears that the instant § 2254 petition is time-barred, unexhausted, and the claims are procedurally defaulted.

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti- Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a state court.  This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment of conviction became final on July 18, 2012, when he entered a guilty plea pursuant to a plea agreement and was sentenced to 15 years of imprisonment. Therefore, Petitioner had one year from July 18, 2012, or until July 18, 2013, within which to seek habeas relief in this Court under § 2254.

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)). The limitations period is tolled only for as long as the state application remains pending in the state's courts. See Johnson v. Quarterman, 483

3

F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Although a properly filed application for post-conviction relief tolls the 1-year AEDPA limitations period, Petitioner's application for post-conviction relief was not filed until July 1, 2014, after the 1-year period had already expired. As noted above, any lapse of time before the proper filing of an application for post-conviction relief is counted against the one-year limitation period. See Villegas, 184 F.3d at 472.

To the extent that Petitioner's motion to withdraw his guilty plea, filed on August 29, 2012, should be interpreted as an application for post-conviction relief, Petitioner fares no better. See Gallow v. Cooper, 301 F. App'x 342, 345 (5th Cir. 2008) (motion to withdraw a guilty plea can be considered properly filed as a post-conviction motion and can commence tolling the one-year statute of limitations). If the motion to withdraw guilty plea started the tolling of the limitations period when it was filed on August 29, 2012, the tolling ended when the motion was denied on September 19, 2012. (Doc. 1, p. 4). See Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007) (limitations period tolled only as long as the state application remains pending). Petitioner did not seek review of the order denying his motion to withdraw the guilty plea. Thus, as of September 19, 2012, when the motion was denied, the matter was no longer pending. Even with the benefit of tolling from August 29, 2012, through September 19, 2012, the § 2254 petition should have been filed on or before September 19, 2013, and is now time-barred.

Although Petitioner eventually filed writ applications in the Second Circuit Court of Appeal and the Louisiana Supreme Court, these were not filed challenging the denial of his motion to withdraw the guilty plea on September 19, 2012 (Doc. 1, p. 4), or challenging the denial of his

application for post-conviction relief on September 9, 2014 (Doc. 1, p. 24).  The writ applications were based on the trial court's denial of Petitioner's motion to correct an illegal sentence or for writ of habeas corpus, which was not filed until June 25, 2015, well after the AEDPA limitations period had expired.

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Petitioner offered no evidence indicating that equitable tolling would apply in his case.

Even if the petition was not time barred, and Petitioner's federal claims were presented in his writ application to the Supreme Court, the claims are procedurally defaulted. The procedural default doctrine bars federal habeas corpus review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). The Louisiana Supreme Court did not consider Petitioner's writ application because it was untimely filed under Louisiana Supreme Court Rule X. (Doc. 1, p. 33).  State ex rel. Foster v. State, 2016-0173 (La. 3/14/16), 186 So. 3d 654. Therefore,

5

Petitioner's claims were not fully and properly exhausted in the Louisiana state courts. Such claims are considered "technically" procedurally defaulted.

Finally, even if the petition was not time-barred and the claims were properly exhausted and not procedurally defaulted, the petition should still be dismissed. Petitioner challenges the legality of his bill of information. The United States Court of Appeals for the Fifth Circuit has declined to review claims of insufficient indictment forms because the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the charging instrument "is so defective that the convicting court had no jurisdiction." Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir.1988). Whether an indictment is defective can "be determined only by looking to the law of the state where the indictment was issued." Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985) (citation and quotations omitted); Morlett, 851 F.2d at 1523; Lockett v. Anderson, 230 F.3d 695, 702 (5th Cir. 2000). As the trial court noted, Petitioner claimed the bill of information was lacking a seal and signature. However, the bill of information produced to the court by Petitioner did contain a Louisiana State Seal and the signature of Assistant District Attorney Geya Prudhomme. (Doc. 1, p. 35). Thus, Petitioner's claim was contradicted by his own exhibit.

Regardless, it is well established that federal habeas review is limited to questions of a constitutional dimension. Arguments that a trial court violated state law "do not constitute an independent basis for federal habeas relief." Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir.), cert. denied, 524 U.S. 947 (1988) (citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.")

**Conclusion**

6

For the foregoing reasons, **IT IS RECOMMENDED** that this § 2254 petition be **DENIED** and **DISMISSED** with prejudice.

### Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

   **THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this 26th day of July, 2016.

                   Karen L. Hayes
                   United States Magistrate Judge